UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **Marawan Mohamed Refaat Ahm Tawela** )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>**David Wesling**, Acting Director of Boston Field )<br>Office, U.S. Immigration and Customs Enforcement )<br>**Todd Lyons**, Acting Director, U.S. )<br>Immigration and Customs Enforcement; )<br>**Kristi Noem**, Secretary of the )<br>U.S. Department of Homeland Security; )<br>)<br>)<br>Respondents. )<br>_____ ) | Case No. 1:25-cv-12794<br><br>**PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**ORAL ARGUMENT REQUESTED** |

## **INTRODUCTION**

1. Petitioner Marawan Mohamed Refaat Ahm Tawela (Mr. Tawela) is a 31-year-old Egyptian citizen who has never previously been the subject of removal proceedings on any kind and has no criminal record anywhere in the world.

2. Mr. Tawela entered the United States legally and has a pending application for permanent residence alongside a self-petition as a spouse of an abusive U.S. citizen. That self-petition has been found by U.S. Citizenship and Immigration Services (USCIS) to be bona fide.

3. On September 25th, 2025 he was arrested by Immigration and Customs Enforcement (ICE) around 9am in front of his home in Watertown, Massachusetts.

4. Individuals who are arrested by ICE in MA are often taken to the ICE office at 1000 District Avenue in Burlington, MA. However, in the past six months ICE has engaged in the practice of moving individuals detained in Massachusetts out of the state of Massachusetts at great speed.

5. Accordingly, to vindicate Petitioner's statutory, constitutional and regulatory rights, this Court should grant the instant petition for a writ of habeas corpus to ensure his continued freedom. Petitioner asks this Court to find that the physical detention of the Petitioner is unlawful and order ICE to release him.

## JURISDICTION

6. This action arises under the Constitution of the United States and the Immigration and Nationality Act (INA), 8 U.S.C. § 1101 *et seq*.

7. This Court has subject matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus), 28 U.S.C. § 1331 (federal question), and Article I, § 9, cl. 2 of the United States Constitution (Suspension Clause).

8. This Court may grant relief under the habeas corpus statutes, 28 U.S.C. § 2241 *et. seq*., the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., and the All Writs Act, 28 U.S.C. § 1651.

## VENUE

9. Venue is proper because Petitioner is in the custody of the Immigration and Customs Enforcement in Burlington, Massachusetts, or in a nearby facility within the jurisdiction of this District.

10. Venue is also proper in this District because Respondents are officers, employees, or agencies of the United States and Petitioners reside in this District no real property is involved in this action; also a substantial part of the events or omissions giving rise to their claims occurred in this District. 28 U.S.C. § 1391(e).

## **REQUIREMENTS OF 28 U.S.C. § 2243**

11. The Court must grant the petition for writ of habeas corpus or issue an order to show cause (OSC) to the respondents "forthwith," unless the petitioner is not entitled to relief. 28 U.S.C. § 2243. If an order to show cause is issued, the Court must require respondents to file a return "within *three days* unless for good cause additional time, not exceeding twenty days, is allowed." *Id.* (emphasis added).

12. Courts have long recognized the significance of the habeas statute in protecting individuals from unlawful detention. The Great Writ has been referred to as "perhaps the most important writ known to the constitutional law of England, affording as it does a *swift* and imperative remedy in all cases of illegal restraint or confinement." *Fay v. Noia*, 372 U.S. 391, 400 (1963) (emphasis added).

## **PARTIES**

13. Petitioner Marawan Mohamed Refaat Ahm Tawela was born on October 1, 1993 and is an Egyptian citizen. He was arrested by ICE on September 25, 2025. He will be placed in INA 240 removal proceedings and is eligible for release.

14. Respondent David Wesling is sued in his official capacity as the Acting Director of the Boston Field Office of U.S. Immigration and Customs Enforcement. Respondent Wesling is a legal custodian of Petitioner and has authority to release him.

15. Respondent Todd M. Lyons is sued in his official capacity as the Acting Director of U.S. Immigration and Customs Enforcement. In this capacity, Respondent Lyons is the head of the federal agency responsible for all immigration enforcement in the United States. Respondent Lyons is a legal custodian of the Petitioner.

16. Respondent Kristi Noem is sued in her official capacity as the Secretary of the U.S. Department of Homeland Security (DHS). In this capacity, Respondent Noem is responsible for the implementation and enforcement of the Immigration and Nationality Act, and oversees U.S. Immigration and Customs Enforcement, the component agency responsible for Petitioner's detention. Respondent Noem is a legal custodian of the Petitioner.

## STATEMENT OF FACTS

17. Petitioner Marawan Mohamed Refaat Ahm Tawela (Mr. Tawela) is a 31-year-old Egyptian citizen who has never previously been the subject of removal proceedings on any kind.

18. Mr. Tawela entered the United States with a visitor visa approximately seven to eight years ago. On November 18, 2021, he married a U.S. citizen. In his marriage to a U.S. citizen, he was subjected to abuse by his U.S. citizen spouse. The couple divorced July 31, 2024.

19. On December 17, 2024, he filed to adjust status to that of a lawful permanent resident; he filed that application concurrently with a self-petition as a spouse of an abusive U.S. citizen spouse under the Violence Against Women Act (VAWA).

20. On January 7, 2025, USCIS found that his VAWA self-petition was bona fide and issued him a notice confirming the same.

21. On August 4, 2025, USCIS issued him an employment authorization document (EAD) and advance parole authorization to travel (AP) valid for the next 5 years in light of his pending application for adjustment of status.

22. On September 25th, 2025 he was arrested by Immigration and Customs Enforcement (ICE) around 9am in front of his home in Watertown, Massachusetts.

23. Mr. Tawela has no criminal matters anywhere in the world. He was pursuing lawful status in the United States, having survived abuse by his U.S. citizen spouse.

24. ICE has for the past 6 months engaged in the practice of moving individuals who are detained out of the state of Massachusetts with hours of their detention at great speed to interfere with their ability to seek relief of removal near their families and legal counsel. Often moving individuals to jurisdictions where the law is less favorable to the respondents. *See* Öztürk v. Hyde, No. 25-1019 (2d Cir. 2025)

25. Undersigned counsel has attempted to locate Petitioner on ICE's online detainee locator without success.

26. The Petitioner was detained under 8 U.S.C. § 1226 after a lawful entry and residency of over 10 years while physically president in the United States. He is thus eligible for bond.

27. Additionally, Petitioner remains eligible to adjust status, assuming his bona fide VAWA self-petition is approved. When placed in removal proceedings, Petitioner will also become eligible to pursue VAWA special-rule cancellation of removal pursuant to 8 U.S.C. §1229(b)(2) as he can establish: (1) he has been battered or subjected to extreme cruelty by a spouse who is or was a United States citizen; (2) he has been physically present in the United States for a continuous period of not less than 3 years; (3) the alien has been a person of good moral character during such period; (4) he is not inadmissible under paragraph (2) or (3) of section 1182(a) of this title, is not deportable under paragraphs (1)(G) or (2) through (4) of section 1227(a) of this title, subject to paragraph (5), and has not been convicted of an aggravated felony; and (5) the removal would result in extreme hardship to himself.

28. Accordingly, to vindicate Petitioner's statutory, constitutional and regulatory rights, this

Court should grant the instant petition for a writ of habeas corpus to ensure his continued presence in the Commonwealth of Massachusetts with access to counsel and in proximity to his family to and freedom. Petitioner asks this Court to order ICE not to transfer him outside the Commonwealth of Massachusetts and to release him.

## LEGAL FRAMEWORK

29. The Immigration and Nationality Act ("INA") prescribes three basic forms of detention for the vast majority of noncitizens in removal proceedings.

30. 8 U.S.C. § 1226 authorizes the detention of noncitizens in standard removal proceedings before an Immigration Judge ("IJ"). *See* 8 U.S.C. § 1229a. Individuals in § 1226(a) detention are generally entitled to a bond hearing at the outset of their detention, *see* 8 C.F.R. §§ 1003.19(a), 1236.1(d), while noncitizens who have been arrested, charged with, or convicted of certain crimes are subject to mandatory detention until their removal proceedings are concluded, *see* 8 U.S.C. § 1226(c).

31. Section 1226(a) applies by default to all persons "pending a decision on whether the [noncitizen] is to be removed from the United States." These removal hearings are held under § 1229a, to "decid[e] the inadmissibility or deportability of a[] [noncitizen]."

32. The Violence Against Women Act authorizes the spouses of abusive U.S. citizens to self-petition and seek permanent residency status. Per the USCIS Practice Manual

> VAWA addressed the unique issues faced by victims of domestic violence and abuse and provided certain alien family members of abusive U.S. citizens and lawful permanent residents (LPRs) the ability to self-petition for immigrant classification without the abuser's knowledge, consent, or participation in the immigration process. This allowed victims to seek both safety and independence from their abuser.

USCIS-PM Vol. 3, Part D, Ch. 1.

33. To be eligible to self-petition, a spouse of an abusive U.S. citizen must provide evidence to prove six requirements: (1) that they have a qualifying relationship to an abusive U.S. citizen, i.e. that they are legally married; (2) that the self-petitioner entered the marriage in good faith; (3) that the self-petitioner is eligible for immigrant classification as an immediate relative; (4) that the petitioner was subjected to battery or extreme cruelty perpetrated by the U.S. citizen spouse during the relationship; (5) that the self-petitioner resides or resided with the abusive U.S. citizen spouse; and (6) that the self-petitioner is a person of good moral character. USCIS-PM Vol. 3, Ch. 2(A).

34. Upon receipt of a VAWA self-petition, USCIS performed a Prima Facie Review to determine whether the evidence submitted establishes a prima facie case. USCIS-PM Vol. 3, Part D, Ch. 5. To obtain a prima facie bona fide finding, the self-petitioner must demonstrate eligibility of all the six factors above. *Id*.

## CLAIMS FOR RELIEF

**Count I: Violation of the Fifth Amendment Due Process Clause**

35. Petitioner incorporates by reference the above paragraphs.

36. The Fifth Amendment provides that no person shall "be deprived of life, liberty, or property without due process of law."

37. "Freedom from imprisonment – from government custody, detention, or other forms of physical restraint – lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Moreover, "[t]he Due Process clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary or permanent." *Id*. at 693.

38. Respondents' likely transfer and detention of Petitioner in a different jurisdiction without consideration for release on bond or access to a bond hearing violates his due process rights.

## PRAYER FOR RELIEF

Wherefore, Petitioner respectfully requests this Court to grant the following:

(1) Assume jurisdiction over this matter;

(2) Issue an Order to Show Cause ordering Respondents to show cause why this Petition should not be granted within three days;

(3) Order that Petitioner not be removed from Massachusetts pending adjudication of this Petition, or that any such transfer necessary due to lack of detention space in Massachusetts be to a neighboring state and be accompanied by a stipulation that jurisdiction and venue remains vested in this Court;

(4) Issue a Writ of Habeas Corpus ordering Respondents to release Petitioner immediately;

(5) Award Petitioner attorney's fees and costs under the Equal Access to Justice Act, and on any other basis justified under law; and

(6) Grant any further relief this Court deems just and proper.

Respectfully Submitted
Marawan Mohamed Refaat Ahm Tawela,
Petitioner
By and through:

s/ *Annelise M. Jatoba de Araujo*

Annelise M. Jatoba de Araujo
Araujo & Fisher, LLC
75 Federal St, Ste 910
Boston, MA 02110
T: 617-716-6400
C: 419-494-3051
F: 617-716-6403
Counsel for Petitioner

Dated: September 26, 2025

## **VERIFICATION PURSUANT TO 28 U.S.C. § 2242**

I represent Petitioner, Marawan Mohamed Refaat Ahm Tawela, and submit this verification on his behalf. I hereby verify that the factual statements made in the foregoing Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.

Dated this 26th day of September 2025.

s/*Annelise M. Jatoba de Araujo*

Annelise M. Jatoba de Araujo